IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **WALTER ARRINGTON, III, et al.,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 2:15-cv-00711-MHT-WC |
| | * | |
| **ANA P. HALL CONSTRUCTION, L.L.C., et al.,** | * | |
| | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS', ANA. P. HALL CONSTRUCTION, L.L.C., ANA PAULA OLINQUEVICZ, DE ANGELO DE SANTOS, AND BARBARA PROVITT, BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

*Attorneys for Defendants Ana P. Hall Construction, L.L.C., Ana Paula Olinquevicz, De Angelo De Santos, and Barbara Provitt*

CAROLINE T. PRYOR (PRYOC2802)
JONATHAN R. MAPLES (MAPL0945)
Attorneys for Defendants,
ANA P. HALL CONSTRUCTION, LLC,
ANA PAULA OLINQUEVICZ HALL,
DE ANGELO DE SANTOS and
BARBARA PROVITT

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **WALTER ARRINGTON, III, et al.,** | * | |
| | * | |
|     **Plaintiffs,** | * | |
| | * | |
| v. | * | Case No. 2:15-cv-00711-MHT-WC |
| | * | |
| **ANA P. HALL CONSTRUCTION,** | * | |
| **L.L.C., et al.,** | * | |
| | * | |
|     **Defendants.** | * | |

**DEFENDANTS', ANA. P. HALL CONSTRUCTION, L.L.C., ANA PAULA OLINQUEVICZ, DE ANGELO DE SANTOS, AND BARBARA PROVITT, BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

COME NOW Ana. P. Hall Construction, L.L.C., Ana Paula Olinquevicz, De Angelo De Santos, and Barbara Provitt, and respond to the Plaintiffs' Motion to Remand as follows:

**PREFATORY STATEMENT**

This case involves the claims of 178 plaintiffs against various defendants arising out of incidents which, according to the Plaintiffs, began or on about July of 2009 and continue to the present day. (Comp. ¶ 69, Ex. A to doc. no. 1.) All 178 Plaintiffs allege that they have sustained personal injury, bodily injury, mental anguish and/or emotional distress. Id. Plaintiffs further allege that as a result of the negligent *and wanton* conduct of the Defendants, the plaintiffs, "including small children," were subjected to uninhabitable condtions. (Comp. ¶ 72, Ex. A to doc. no. 1.) Plaintiffs further allege that they are entitled to "exemplary damages" against the Defendants. (Comp. ¶ 90, Ex. A to doc. no. 1.)

2

The Plaintiffs initially filed their lawsuit in the Circuit Court of Montgomery County, Alabama. On September 25, 2015, Defendant John R. Hurst removed this action to the United States District Court for the Middle District of Alabama, Northern Division, on the basis that this Honorable Court has jurisdiction over the claims under 28 U.S.C § 1332(d), otherwise known as the Class Action Fairness Act of 2005 ("CAFA"). (Doc. no. 1.)

The Plaintiffs then moved to remand this action back to the Circuit Court of Montgomery County, Alabama based upon the argument that this Honorable Court lacks, or should decline, jurisdiction over the Plaintiffs' claims. (Doc. no. 10.) The Plaintiffs' argument is four-fold: **(1)** the Defendants have not demonstrated by a preponderance of the evidence that the aggregate amount in controvery exceeds $5,000,000.00; **(2)** this Honorable Court lacks jurisdiction over the Plaintiffs' claims under the Local Occurrence Exclusion codified at 28 U.S.C. §1332(d)(11)(B)(ii)(I) because the claims do not constitute a "mass action" under CAFA; **(3)** that this Honorable Court must decline jurisdiction under the Local Controversy Exception codified at 28 U.S.C. §1332(d)(4)(A); and **(4)** this Honorable Court must decline jurisdiction over this matter under the Home State Controversy Exception codified at 28 U.S.C. § 1332(d)(4)(B).

As set out more fully below, the Local Occurrence Exclusion, Local Controversy Exception, and Home State Controversy Exception are all inapplicable under the facts of this case. Moreover, the allegations set forth in the Plaintiffs' Complaint, as well as the relief sought in same, demonstrate that, more likely than not, the amount in controversy requirement exists. Under the instructions set forth recently by the United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), the Defendants should be allowed to conduct discovery to confirm that the aggregate amount in controversy exceeds $5,000,000.00 *if* the Plaintiffs were entitled to recover against the Defendants, which is expressly denied.

# ARGUMENT

**A. The allegations pleaded and relief sought in the Plaintiffs' Complaint demonstrates that the amount in controversy likely exceeds $5,000,000.00. Under recent Supreme Court precedent, the Defendants must be allowed an opportunity to conduct discovery regarding same prior to consideration of the possibility of remand.**

The Plaintiffs in this lawsuit total 178, and all have set forth claims for personal injury, bodily injury, mental anguish, emotional distress, conversion, and breach of warranty of habitability. The Plaintiffs have alleged both negligent and wanton conduct, and in addition to the foregoing claims for damages, also seek to impose punitive damages and recover attorney's fees. Plaintiffs have correctly argued that removal under CAFA requires an aggregate amount in controversy of at least $5,000,000.00.

To reach the $5,000,000.00 aggregate amount in controversy requirement, the *average* recovery for each Plaintiff must be $28,089.89. Stated differently, each plaintiff's recovery for allegations of negligent and wanton conduct ongoing since 2009, for damages for personal/bodily injury, damages under Alabama's Uniform Residential Landlord and Tenant Act ("URLTA")[1], damages in the form of mental anguish and/or emotional distress, damages for conversion of private property, punitive damages, and attorney's fees, must average less than $30,000.00. Based upon the "bare bones" allegations set forth in the Plaintiffs' Complaint, *if* the Plaintiffs succeed in all of their claims against the Defendants, the aggregate amount in controversy more likely than not exceeds $5,000,000.00.

Plaintiffs argue, in their Motion to Remand, that the amount in controversy is indiscriminate based upon the allegations and prayers for relief in their Complaint. In support of

---

[1] The URLTA, § 35-9A-101 *et. seq.*, provides various remedies for tenants in situations of non-compliance by a landlord. Section 401 prvoides for the return of all security recoverable by the tenant under section 201, and all unearned prepaid rent, in addition to actual damages and attorney fees.

4

this position, the Plaintiffs argue that none of the Plaintiffs have identified medical bills causally related to the acts of the Defendants[2], nor have any of the Plaintiffs been hospitalized. Plaintiffs further point out that none of the Defendants died. Plaintiffs then argue, "Rather, the plaintiffs intend to seek any other elements of recoverable damages, *evidence of which will be developed through discovery.*" (Emphasis added.) Plaintiffs then, via a footnote, portend not to waive, and expressly reserve, the right to claim other elements of damages if supported by the evidence. The Plaintiffs clearly recognize the need for discovery to identify more specifically the damages to be claimed as a part of this lawsuit. As discussed below, this is precisely why the Supreme Court recently noted that a removing defendant should be afforded an opportunity to conduct discovery related to the amount in controversy in cases removed under CAFA.

That the Plaintiffs specifically pleaded bodily injury in their Complaint, yet subsequently argued (in an effort to move their case back to state court) that no medical bills have been causally related to any of the Plaintiffs' claims *yet reserved their right to claim damages supported by the evidence* is the proverbial attempt to have one's cake and eat it, too.

"[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to the plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled*." Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058 (11th Cir. 2010).

*If* the Plaintiffs' allegations are true, one or more of the Defendants acted negligently and wantonly in failing to keep the units at issue in habitable condition (including the allegations of

---

[2] It does not appear that the Plaintiffs expressly disclaim the notion that, through discovery and expert testimony, the Plaintiffs may at a later date attempt to causally relate medical bills to the Plaintiffs' claims in this lawsuit.

the presence of coyotes, raccoons, termites, bedbugs, etc.), converted the Plaintiffs' property, and otherwise inflicted physical injury and emotional distress upon the Plaintiffs, including children. Furthermore, *if* the Plaintiffs' allegations are true, and the Plaintiffs are awarded the damages they seek, the Plaintiffs would be awarded damages for physical and emotional injury, conversion, trespass, punitive damages, and attorney's fees.

Because the Plaintiffs do not specifically allege which damages each individual plaintiff is entitled to, this Honorable Court should, for purposes of analyzing the Plaintiffs' Motion to Remand, presume that each individual plaintiff is entitled to damages for bodily injury, mental anguish, breach of warranty of habitability, attorney's fees, and punitive damages. Based upon this Honorable Court's judicial experience and common sense, under this scenario, the average recovery by each Plaintiff likely exceeds $28,089.89. Therefore, the aggregate amount in controversy more likely than not exceeds $5,000,000.00, regardless of the Plaintiffs' representation that the value of the claims is indeterminate.

Additionally, pursuant to the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), the Defendants must be afforded an opportunity to conduct discovery specifically related to the amount-in-controversy for cases removed under CAFA.

In *Dart*, the Supreme Court reviewed a district court's remand of an action under CAFA based upon the amount-in-controversy requirement.[3] Specifically, the Supreme Court granted certiorari on the petition "…requesting resolution of the following question: 'Whether a defendant

---

[3] Under CAFA, the Circuit Courts of Appeal may accept an appeal from an order of a district court granting or denying a motion to remand. The Defendant petitioned the United States Court of Appeals for the Tenth Circuit for review. The petition was denied. The Defendant then petitioned the Supreme Court of the United States for certiorari. The petition was granted.

seeking removal to federal court is required to include evidence supporting federal jurisdiction in the notice of removal, or is alleging the required 'short and plain statement of the grounds for removal' enough?'" *Id.*, 553.

In analyzing this question, the Supreme Court wrote:

> "If the plaintiff contests the defendant's allegation, *§1446(c)(2)(B)* instructs: '[R]emoval … is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold. This provision, added to *§1446* as part of the Fedeal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *As the House Judiciary Committee Report on the JVCA observed:*
>> *[[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. <u>Discovery may be taken with regard to that question</u>.*

*Id.*, 553-554. (Emphasis added.)

The Supreme Court then held that "no anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*, 554. Plaintiffs cite to this precise portion of the Supreme Court's opinion in their Motion to Remand.

The United States Court of Appeals for the Eleventh Circuit analyzed the import of *Dart* in *Dudley v. Eli Lilly and Company*, 778 F. 3d 909 (11th Cir. 2014). The Court noted that "[i]n Dart … the Supreme Court made clear that 'no antiremoval presumption attends cases invoking CAFA … .This conclusion was driven, in part, by the legislative history, including language found in Senate Report No. 109-14 (2005), which observed that CAFA's 'provisions should be read

broadly, *with a strong preference that interstate class actions should be heard in federal court* if properly removed by any defendant'. Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional requestions.'" (Internal citations omitted.) *Dudley*, 912.

Under CAFA, and the applicable precedent interpreting same set forth in *Dart* and *Dudley*, it is plausible that the amount in controversy in this case exceeds $5,000,000.00 in the aggregate, and the Defendants must be allowed an opportunity to engage in jurisdictional discovery related to same.

### B.  The Local Occurrence Exclusion is inapplicable.

Plaintiffs argue that the Local Exclusion Occurrence applies in this case because the "majority" view holds that "where events 'share some commonality and persist over a period of time, these can constitute 'an event or occurrence' for purposes of the [local occurrence exclusion].'" (Doc. no. 10.) Plaintiff's cite to cases outside of the Elevent Circuit for this proposition.

The "local occurrence exclusion" is codified at 28 U.S.C. § 1332(d)(11)(B)(ii)(I), and provides:

> As used in subparagraph (A), the term "mass action" shall not include any civil action in which:
>
> (I)   All of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State.

Subsection (A), as referenced above, provides that a "mass action" shall be deemed to be a class action removable under pargraphs 2 through 10 of subsection (d) to §1332, provided the other requirements of those sections are met.

The United States District Court for the Middle District of Alabama interpreted the "local occurrence exclusion" in *Adams v. Macon County Greyhound Park, Inc.,* 829 F. Supp. 2d 1127 (2011). First and foremost, the Court noted that because the local occurrence exclusion is an exception to CAFA's mass action jurisdictional provisions, the Plaintiffs have the burden of proof. *Id.*, 1134.

The Court then observed that CAFA does not define the phrase "an event or occurrence," and the parties did not supply the court with any binding authority regarding same. In light of this, the Court cited to the legislative history of CAFA, and specifically the following provision:

> "The first exception [§1332(d)(11)(B)(ii)(I)] would apply *only to a truly local single event with no substantial interstate effects.* The purpose of this exception was to allow cases involving environmental torts such as a chemical spill to remain in state court of both the event and the injuries were truly local … .

*Id.* (Emphasis added.)

The claims in *Adams* were brought on behalf of 816 plaintiffs who alleged they sustained actionable damages by virtue of playing electronic bingo machines at Victoryland on "numerous occasions" for a span of at least one year. The Defendants argued that that the local occurrence exclusion did not apply because the exclusion applies only to a singular event. Plaintiffs argued that the phrase "an event or occurrence" is not limited to a single incident, but includes incidents which occur at a single location.

In acknowledging that the Plaintiffs suffered injuries, if at all, at a single location, and that the consequences of the Plaintiff's actions were the same, the Court found that "notwithstanding the similarity of location and consequences, the claims in this action are not the type of claims that constitute 'an event or occurrence,' within the meaning of § 1332(d)(11)(B)(ii)(I)." *Id.*, 1136. The Court went on to note that under the circumstances, the action was "more readily described as

9

involving a series of separate events or occurrences, rather than a single event or occurrence. There was no singular contract from which the Plaintiff's injuries allegedly arose, but instead there are, at a minimum, 861 contracts or 'events' or 'occurences,' each one wholly separate from every other one." *Id.* The Court concluded that the local occurrence exclusion was inapplicable to the Plaintiffs' claims.

The facts and analysis in *Adams* are squarely on point with the facts and arguments in the instant case, and *Adams* is indistinguishable in any meaningful way. The Plaintiffs in this case allege injuries over the course of six years, and the Plaintiffs' claims will necessarily vary as they were obviously not all staying within the same unit. The Plaintiffs' claims simply cannot constitute "an event or occurrence" for purposes of application of §1332(d)(11)(B)(ii)(I), and therefore the local occurrence exclusion does not apply to this case.

### C. **The Local Controversy Exception is inapplicable.**

Plaintiffs next argue that the local controversy exception, codified at 28 U.S.C. §1332(d)(4)(A) mandates remand. Implicit in the Plaintiffs' argument is that the only two defendants who are Alabama residents are Defendants Provitt and Brown are Defendants from whom significant relief is sought. Brown has not appeared in this case.

Section (d)(4)(A) requires a district court to decline jurisdiction in cases in which more than 2/3 of the plaintiffs are citizens of the state in which the action was originally filed, "*and[4] at least one defendant (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc)who is a citizen of the State in which the action was originally filed ... .*"

---

[4] Subsection (d)(4)(A) contains two other requirements which do not appear to be at issue at this time.

*Id.* (Emphasis added.) In order for the local controversy exception to apply, the Plaintiffs must demonstrate that they seek to obtain "significant relief" from Provitt or Brown, and that the conduct of Provitt or Brown forms a "significant basis" for the claims at issue. Under *Adams*, *supra*, because the local controversy exception to CAFA's jurisdictional provisions, the burden lies with the Plaintiffs to establish the applicability of same. *See also Evans v. Walter Indus.*, 449 F. 3d 1159, 1164 (11th Cir. 2006) ("The district court correctly determined that the plaintiffs bear the burden of establishing that they fall within CAFA's local controversy exception.")

Per the Complaint, both Provitt and Brown are being sued in their capacities as alleged managerial agents, servants and/or employees of the defendant entities. In *Evans*, the Court was called upon to review a determination that the Plaintiffs met their burden of establishing that an in-state defendant was a "significant defendant" for purposes of the local controversy exception." In holding that the Plaintiffs did not meet their burden, the Court cited with approval several cases standing for the proposition that to meet the burden of the significant defendant test, Plaintiffs must show that "the relief sought against that defendant is a significant portion of the entire relief sought by the class," which includes "an assessment of how many members of the class were harmed by the defendant's actions" and "a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Id.*, 1167.

The Plaintiffs' Complaint fails to allege even when or for how much of the material period of time at issue the Defendants Provitt and Brown worked.  Certainly, the Plaintiffs have failed to meet any burden demonstrating that the relief the Plaintiffs seek against Provitt and/or Brown is a significant portion of the relief sought by the class, nor any allegations of which members of the class were allegedly harmed by the actions of Provitt and/or Brown. Certainly, the ability of Provitt and/or Brown to pay a potential judgment, as individual defendants, and as alleged agents of the

11

corporate defendants, weighs against Provitt or Brown being considered significant defendants. Simply, the Plaintiffs have failed to meet their burden with establishing that Provitt or Brown constitute a significant defendant or that the conduct of Provitt or Brown constitutes a significant basis for the Plaintiffs' claims. Therefore, the local controversy exception is inapplicable.

D.  **The Home State Controversy Exception is inapplicable.**

Plaintiffs last contend that the Home State Controversy exception codified at 28 U.S.C. §1332(d)(4)(B) requires this Honorable Court to decline jurisdiction. The analysis is similar to that of the local controversy exception, except that the home state controversy exception requires that "the primary defendants" are citizens of the state in which the action was originally filed. *Id.*

Plaintiff cites *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 1312 (M.D. Fla. 2008) for the applicable factors to be considered in an analysis of §1332(d)(4)(B). Of note, the court in *Cooper* uses the "local controversy exception" interchangeably when discussing subsections (d)(4)(A) and (d)(4)(B). Additionally, in discussing the "primary defendant" factors, the *Cooper* court cites to a 2007 cases from the United States District Court for the Southern District of New York. The factors set forth in that case mirror those discussed in subsection C, *supra*, e.g. weighing the liability or exposure of a defendant, weighing which defendants are most able to satisfy a potential judgment, whether the defendant is sued directly or vicariously, whether the defendant is subject to a significant portion of the claims asserted by plaintiffs, and whether the defendant is named in one particular cause of action.

The analysis in this case is practically identical to the analysis set forth in subsection C, *supra*. Additionally, while the Plaintiffs claim that they have sued Provitt and Brown individually, it bears noting that in the description of the Defendants in the Complaint, the Plaintiffs identify

12

both Provitt and Brown as employees or agents of the corporate defendants. This certainly suggests that the Plaintiffs intend to hold the corporate defendants liable for the alleged actions of Provitt and Brown. Paramount to this analysis, however, is that the converse cannot be true; no legal theory would allow Provitt or Brown to be held vicariously liable for the alleged actions of the corporate defendants and/or the other individual defendants, under the allegations set forth in the Complaint. For this very reason, Provitt nor Brown can be "primary defendants" in this action, and subsection (d)(4)(B) is inapplicable.

## **CONCLUSION**

This lawsuit is precisely the type of class action claim involving interstate commerce envisioned by CAFA. That the amount in controversy in this case exceeds $5,000,000.00 is plausible under the allegations set forth in the Complaint, and to the extent that is in question, the Defendants must be afforded an opportunity to engage in jurisdictional discovery pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA). The Plaintiffs bear the burden of establishing the exceptions and/or exclusions to jurisdiction under CAFA, and they have not met it.

The Plaintiffs' Motion to Remand is due to be denied.

WHEREFORE, the foregoing premises considered, Defendants Ana P. Hall Construction, L.L.C., Ana Paula Olinquevicz, De Angelo De Soto, and Barbara Provitt respectfully request that this Honorable Court deny the Plaintiff's Motion to Remand.

Respectfully submitted,


*/s/ Caroline T. Pryor*
CAROLINE T. PRYOR (PRYOC2802)
JONATHAN R. MAPLES (MAPL0945)
Attorneys for Defendants,
ANA P. HALL CONSTRUCTION, LLC,
ANA PAULA OLINQUEVICZ HALL,
DE ANGELO DE SANTOS and
BARBARA PROVITT

CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone (251) 626-9340
Facsimile (251) 626-8928
cpryor@carrallison.com
jmaples@carrallison.com


**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 16th day of November, 2015, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed those non CM/ECF participants:

David E. Allred
D. Craig Allred
ALLRED & ALLRED, P.C.
7030 Fain Park Drive, Suite 9
Montgomery, AL 36117
dallred@allredpclaw.com
callred@allredpclaw.com
Attorneys for Plaintiffs

N. Osaygefo Grubbs
THE GRUBBS LAW FIRM, L.L.C.
1703 Platt Place
Montgomery, Alabama 36117
ogrubbs@mylawyerlobby.com
Attorneys for Plaintiffs

John E. Goodman, Esq.
BRADLEY, ARANT, BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
jgoodman@babc.com
Attorney for Defendant Southern Holdings, II, LLC;
and John Hurst

Bradford J. Griffin, Esq.
Lindsay C. Ronilo, Esq.
LAW OFFICES OF VICKERS & WHITE, PLLC
428 S. Lawrence Street
Montgomery, AL 36104
bgriffin@vickersandwhitelaw.com
lronilo@vickersandwhitelaw.com
Attorneys for Defendants Ana P. Hall Construction, LLC; Ana
P. Hall, individually; DeAngelo DeSantos;
and Barbara Provitt

And a copy will be sent to the following by U.S. mail:

Jessica Brown
2421 Chase Park Drive
Montgomery, Alabama 36110

*/s/ Caroline T. Pryor*
CAROLINE T. PRYOR