IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER ARRINGTON, III, et al., | * | |
| | * | |
|     Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 2:15-cv-00711-MHT-WC |
| | * | |
| ANA P. HALL CONSTRUCTION, | * | |
| L.L.C., et al., | * | |
| | * | |
|     Defendants. | * | |

**DEFENDANTS ANA P. HALL CONSTRUCTION, LLC, ANA PAULA OLINQUEVICZ, ALFONSO SANTOS AND BARBARA PROVITT'S ANSWER TO AMENDED COMPLAINT IN INTERVENTION**

COME NOW Ana. P. Hall Construction, L.L.C., Ana Paula Olinquevicz, Alfonso Santos, incorrectly identified in the Complaint as DeAngelo DeSantos, and Barbara Provitt, and pursuant to the *Federal Rules of Civil Procedure* respond to Plaintiffs' Amended Complaint in Intervention as follows:

**PARTIES AND JURISDICTION**
**(Plaintiffs)**

1. Defendants are without sufficient information to admit the allegations contained in paragraph 1 and therefore deny the same and demand strict proof thereof.

2. Defendants are without sufficient information to admit the allegations contained in paragraph 2 and therefore deny the same and demand strict proof thereof.

3. Defendants are without sufficient information to admit the allegations contained in paragraph 3 and therefore deny the same and demand strict proof thereof.

4. Defendants are without sufficient information to admit the allegations contained in paragraph 4 and therefore deny the same and demand strict proof thereof.

5. Defendants are without sufficient information to admit the allegations contained in paragraph 5 and therefore deny the same and demand strict proof thereof.

6. Defendants are without sufficient information to admit the allegations contained in paragraph 6 and therefore deny the same and demand strict proof thereof.

7. Defendants are without sufficient information to admit the allegations contained in paragraph 7 and therefore deny the same and demand strict proof thereof.

8. Defendants are without sufficient information to admit the allegations contained in paragraph 8 and therefore deny the same and demand strict proof thereof.

9. Defendants are without sufficient information to admit the allegations contained in paragraph 9 and therefore deny the same and demand strict proof thereof.

10. Defendants are without sufficient information to admit the allegations contained in paragraph 10 and therefore deny the same and demand strict proof thereof.

11. Defendants are without sufficient information to admit the allegations contained in paragraph 11 and therefore deny the same and demand strict proof thereof.

12. Defendants are without sufficient information to admit the allegations contained in paragraph 12 and therefore deny the same and demand strict proof thereof.

13. Defendants are without sufficient information to admit the allegations contained in paragraph 13 and therefore deny the same and demand strict proof thereof.

14. Defendants are without sufficient information to admit the allegations contained in paragraph 14 and therefore deny the same and demand strict proof thereof.

15. Defendants are without sufficient information to admit the allegations contained in paragraph 15 and therefore deny the same and demand strict proof thereof.

16. Defendants are without sufficient information to admit the allegations contained in paragraph 16 and therefore deny the same and demand strict proof thereof.

17. Defendants are without sufficient information to admit the allegations contained in paragraph 17 and therefore deny the same and demand strict proof thereof.

**(Defendants)**

18. Ana P. Hall Construction, LLC admits that it is the owner of the Cambridge Park Apartments on Bonaparte Boulevard in Montgomery, Alabama at this time. Upon information and belief, Ana P. Hall Construction, LLC admits that Southern Holdings II, LLC is a prior owner of the Cambridge Park Apartment Complex on Bonaparte Boulevard in Montgomery, Alabama. To the extent that paragraph 18 contains additional allegations, those allegations are denied and Defendants demand strict proof thereof.

19. Defendants admit that Ana P. Hall is an individual over the age of 19 years who is the sole member of Defendant Ana P. Hall Construction, LLC. Defendants deny the remaining allegations contained in paragraph 19 and demand strict proof thereof.

20. Defendants admit that Alfonso Santos, incorrectly identified in the Complaint as DeAngelo DeSantos is an individual over the age of 19 years. Defendants deny the remaining allegations contained in paragraph 20 and demand strict proof thereof.

21. Paragraph 21 does not appear to contain allegations against these Defendants. To the extent that paragraph 21 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

22. Paragraph 22 does not appear to contain allegations against these Defendants. To the extent that paragraph 22 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

23. Defendant admits that Barbara Provitt is an individual resident of Alabama, over the age of 19 and that she is employed by Ana P. Hall Construction, LLC at this time. Defendants deny the remaining allegations contained in paragraph 23 and demand strict proof thereof.

24. Paragraph 24 does not appear to contain allegations against these Defendants. To the extent that paragraph 24 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

25. Paragraph 25 does not appear to contain allegations against these Defendants. To the extent that paragraph 25 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

26. Paragraph 26 does not appear to contain allegations against these Defendants. To the extent that paragraph 26 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

27. Paragraph 27 does not appear to contain allegations against these Defendants. To the extent that paragraph 27 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

28. Paragraph 28 does not appear to contain allegations against these Defendants. To the extent that paragraph 28 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

29. Paragraph 29 does not appear to contain allegations against these Defendants. To the extent that paragraph 29 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

30. Paragraph 30 does not appear to contain allegations against these Defendants. To the extent that paragraph 30 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

31. Paragraph 31 does not appear to contain allegations against these Defendants. To the extent that paragraph 31 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

## FACTS PERTINENT TO PLAINTIFFS' CLAIMS

32. Defendants admit that Cambridge Park Apartments is located on Bonaparte Boulevard in Montgomery, Alabama. Defendants deny the remaining allegations contained in paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations contained in paragraph 33 and demand strict proof thereof.

34. Defendants deny the allegations contained in paragraph 34 and demand strict proof thereof.

35. Defendants deny the allegations contained in paragraph 35 and demand strict proof thereof.

36. Defendants deny the allegations contained in paragraph 36 and demand strict proof thereof.

## JURISDICTION AND VENUE

37. It does not appear that paragraph 37 contains allegations against these Defendants. To the extent that paragraph 37 contains allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

## COUNT I
## (BREACH OF CONTRACT)
## (BREACH OF IMPLIED WARRANTY OF HABITABILITY)
## (NEGLIGENCE/WANTONNESS)
## (PREMISES LIABILITY)

38. Defendants adopt their responses to paragraphs 1 through 37 as though fully set forth herein.

39. Paragraph 39 appears to be a purported statement of Alabama law which does not require a response by these Defendants. To the extent that paragraph 39 is construed to contain allegations against these Defendants, those allegations are denied and Defendants demand strict proof thereof.

40. Defendants deny the allegations contained in paragraph 40 and demand strict proof thereof.

41. Defendants deny the allegations contained in paragraph 41 and demand strict proof thereof.

42. Defendants deny the allegations contained in paragraph 42 and demand strict proof thereof.

43. Defendants deny the allegations contained in paragraph 43 and demand strict proof thereof.

44. Defendants deny the allegations contained in paragraph 44 and demand strict proof thereof.

45. Defendants deny the allegations contained in paragraph 45 and demand strict proof thereof.

## COUNT II
## (NEGLIGENT OR WANTON HIRING/TRAINING/SUPERVISION)

46. Defendants adopt their responses to paragraphs 1 through 45 as though fully set forth herein.

47. Defendants deny the allegations contained in paragraph 47 and demand strict proof thereof.

48. Defendants deny the allegations contained in paragraph 48, including subparagraphs (a) through (e) and demand strict proof thereof.

49. Defendants deny the allegations contained in paragraph 49 and demand strict proof thereof.

## COUNT III
### (INVASORY TRESPASS/WANTON TRESPASS/NUISANCE)

50. Defendants deny the allegations contained in paragraphs 1 through 49 as though fully set forth herein.

51. Defendants deny the allegations contained in paragraph 51 and demand strict proof thereof.

52. Defendants deny the allegations contained in paragraph 52 and demand strict proof thereof.

53. Defendants deny the allegations contained in paragraph 53 and demand strict proof thereof.

54. Defendants deny the allegations contained in paragraph 54 and demand strict proof thereof.

## COUNT IV
### (CONVERSION)
(*trespass de bonis asportatis*)

55. Defendants adopt their responses to paragraphs 1-54 as though fully set forth herein.

56. Defendants deny the allegations contained in paragraph 56 and demand strict proof thereof.

57. Defendants deny the allegations contained in paragraph 57 and demand strict proof thereof.

## COUNT V
## (NEGLIGENCE)

58. Defendants adopt their responses to paragraphs 1 through 57 as though fully set forth herein.

59. Defendants deny the allegations contained in paragraph 59 and demand strict proof thereof.

60. Defendants deny the allegations contained in paragraph 60 and demand strict proof thereof.

61. Defendants deny the allegations contained in paragraph 61 and demand strict proof thereof.

62. Defendants deny the allegations contained in paragraph 62 and demand strict proof thereof.

## COUNT VI
## (RESPONDEAT SUPERIOR/VICARIOUS LIABILITY)

63. Defendants adopt their responses to paragraphs 1 through 62 as though fully set forth herein.

64. Defendants deny the allegations contained in paragraph 64 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for relief which can be granted.

2. Defendants plead contributory negligence.

3. Defendants plead failure of consideration.

4. Defendants plead breach of agreement.

5. Defendants plead ratification.

6. Defendants plead lack of causal relation.

7. Defendants plead intervening and superseding cause.

8. Defendants plead statute of frauds.

9. Defendants plead waiver.

10. Defendants plead caveat emptor.

11. Defendants plead assumption of the risk.

12. Defendants plead the applicable statutes of limitations.

13. The claims of the Plaintiffs are improperly joined and should be severed.

14. The claims of certain Plaintiffs for breach of contract are defeated by lack of privity.

15. Plaintiffs lack standing to assert their own claims or the claims of other Plaintiffs in whole or part.

16. Plaintiffs have failed to mitigate their alleged damages.

17. Plaintiffs' claims are barred in whole or part by set off or recoupment.

18. Plaintiffs alleged injuries or damages, if any, are the proximate cause of the acts or omissions of others for whom these Defendants owe no legal responsibility.

19. Plaintiffs' claims are barred in whole or in part by estoppel.

20. Plaintiffs' claims are barred in whole or in part by *res judicata*.

21. Plaintiffs' claims are barred in whole or in part by release.

22. Defendants plead lack of notice of purported defects or damages.

23. Defendants plead noncompliance with rental agreements.

24. To the extent that the Plaintiffs' Complaint demands punitive damages and such damages might or could be awarded against these Defendants in this action, the award of punitive damages under Alabama Law and procedure violates the 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States and § 1, 6, 10, 13, 15, and 22 of Article I of the Alabama Constitution of 1901, on the following separate and several grounds:

(a) The standard governing when punitive damages may be awarded against a defendant in a civil action in Alabama violates the Due Process Clause of the 14th Amendment of the United States Constitution and Article I of the Alabama Constitution;

(b) The award of punitive damages under the law of Alabama in a civil action violates the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(c) The award of punitive damages under Alabama law against a civil defendant, without providing to that defendant all of the protections guaranteed to a person accused of a crime, violates the Due Process Clause of the 14th Amendment and the requirements of the 5th and 6th Amendments of the Constitution of the United States;

(d) The award of punitive damages under Alabama law against a defendant for the wrong doing of another person violates the Due Process Clause of the 14th Amendment of the Constitution of the United States;

(e) The award of punitive damages against a principal for the misconduct of an agent violates the due process clause of the 14th Amendment and constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution;

(f) The award of punitive damages in Alabama under any standard of proof less stringent than "beyond a reasonable doubt" violates both the Due Process Clause of the 14th Amendment and the prohibition against cruel and unusual punishment in the 8th Amendment of the Constitution of the United States;

(g) The Alabama standards defining wanton conduct are impermissibly vague and the award of punitive damages based upon a claim of wantonness under Alabama law violates the Due Process Clause of the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(h) The award of punitive damages under Alabama law violates the Excessive Fines Clause of the 8th Amendment to the United States Constitution and the Excessive Fines Clause of the Alabama Constitution;

(i) The award of punitive damages as claimed by the Plaintiff would violate the Defendant's rights to substantive and procedural due process of law;

(j) The award of punitive damages based upon the evil intent of another, who was acting in an unauthorized or unratified manner, violates the Due Process Clause of the 14th Amendment and the Equal Protection Clause of the same Amendment;

(k) The procedures currently followed in Alabama fail to provide the means for awarding separate judgments against joint tortfeasors;

(l) The current procedures under Alabama law permit the multiple awards of punitive damages for the same alleged act;

(m) Alabama law allows the award and imposition of punitive damages without requiring proof beyond a reasonable doubt that the Defendant intended to cause the Plaintiff's injuries;

(n) The procedures and standards in Alabama do not adequately direct and limit the jury's discretion in awarding punitive damages in a civil action;

(o) The procedures and standards in Alabama do not adequately direct and limit the trial court's discretion in reviewing the award and amount of punitive damages in a civil action;

(p) Alabama law does not provide a clear and consistent appellate standard of review of an award of punitive damages; and the review of punitive awards by the Alabama Supreme Court does not remedy the defects in the award of punitive damages under Alabama law and does not protect civil defendants from arbitrary, unreasonable, and standardless punitive awards;

(q) The procedures allowed and authorized under Alabama law permit the admission of evidence relative to the amount of punitive damages in the same proceeding during which liability and compensatory damages are determined, without a bifurcation of the trial into a separate liability phase and a punitive damage phase, and this practice deprives defendants of procedural and substantive due process of

    law under the Due Process Clause of the 14th Amendment of the United States Constitution;

(r) The existing Alabama practice which allows the award of punitive damages against multiple defendants without apportionment of said damages based upon the culpability of each defendant deprives the defendant of equal protection of the law guaranteed under the 14th Amendment of the United States Constitution and deprives the defendant of due process of the law guaranteed under the same Amendment of the United States Constitution.

25. Defendants reserve the right to amend or supplement their answers hereto, including any and all affirmative defenses.

                 Respectfully submitted,

                 */s/ Caroline T. Pryor*
                 CAROLINE T. PRYOR (PRYOC2802)
                 JONATHAN R. MAPLES (MAPL0945)
                 Attorneys for Defendants,
                 ANA P. HALL CONSTRUCTION, LLC,
                 ANA PAULA OLINQUEVICZ HALL,
                 ALFONSO SANTOS and BARBARA PROVITT

CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone (251) 626-9340
Facsimile (251) 626-8928
cpryor@carrallison.com
jmaples@carrallison.com

**CERTIFICATE OF SERVICE**

   I do hereby certify that I have on this 9th day of May, 2016, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed those non CM/ECF participants:

David E. Allred
D. Craig Allred
ALLRED & ALLRED, P.C.
7030 Fain Park Drive, Suite 9
Montgomery, AL 36117
dallred@allredpclaw.com
callred@allredpclaw.com
Attorneys for Plaintiffs

N. Osaygefo Grubbs
THE GRUBBS LAW FIRM, L.L.C.
1703 Platt Place
Montgomery, Alabama 36117
ogrubbs@mylawyerlobby.com
Attorneys for Plaintiffs


John E. Goodman, Esq.
BRADLEY, ARANT, BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
jgoodman@babc.com
Attorney for Defendant Southern Holdings, II, LLC;
and John Hurst


Michael R. Lunsford
Larry W. Harper
Porterfield, Harper, Mills, Motlow
& Ireland, P.A.
22 Inverness Center Parkway
Ste. 600
Birmingham, Alabama 35242
mrl@phm-law.com
lwh@phm-law.com
Attorney for Defendant Southern Holdings II, LLC &
Jessica Brown

Bradford J. Griffin, Esq.
Lindsay C. Ronilo, Esq.
LAW OFFICES OF VICKERS & WHITE, PLLC
428 S. Lawrence Street
Montgomery, AL 36104
bgriffin@vickersandwhitelaw.com
lronilo@vickersandwhitelaw.com
Attorneys for Defendants Ana P. Hall Construction, LLC; Ana
P. Hall, individually; DeAngelo DeSantos;
and Barbara Provitt

And a copy will be sent to the following by U.S. mail:

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

                                                */s/ Caroline T. Pryor*
                                                CAROLINE T. PRYOR