IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WALTER ARRINGTON, III (2240-D),       )
et al.,                                )
                                       )
        *Plaintiffs,*                  )
                                       )
ALLEN COLVIN, SR. (2271E), Individually )
and as Father and Next Friend of,      )
A. C., JR., a Minor,                   )
                                       )
TOMICA JERNIGAN (2271K), an            )
Individual,                            )
                                       )
ELNORA JERNIGAN (2271K), an            )   CIVIL ACTION NO.
Individual,                            )   2:15-cv-00711-MHT-GMB
                                       )
JACKIE JOHNSON (2268B), Individually   )
and as Mother and Next Friend of       )   **JURY DEMAND**
D. J., a Minor, L. J., a Minor, M. W., )
a Minor, Q. J., a Minor, S. J., a Minor, )
R. J., a Minor,                        )
                                       )
TETRINA JOHNSON (2243C),               )
Individually and as Mother and Next    )
Friend of G. J., a Minor, K. J., a Minor, )
K. J., a Minor, K. D., a Minor, K. D., a )
Minor, Z. D., a Minor,                 )
                                       )
RICKEY OLIVER (2231F & 2247D),         )
Individually and as Father and Next    )
Friend of T. O., a Minor,              )
TIFFANY FLYNN, an Individual,          )
                                       )
CHERYL SIMMONS, (2252A), an            )
Individual,                            )
                                       )
ARIELLE SURLES, (2271A), Individually  )
and as Mother and Next Friend of       )

| | |
|---|---|
| S. C., a Minor, and A. S., a Minor, | ) |
| DEREK SURLES, an Individual, | ) |
| | ) |
| PORSHA FREEMAN, Individually and | ) |
| as Mother and Next Friend of | ) |
| S. M., a Minor, T. M., a Minor, and | ) |
| A. S., a Minor, | ) |
| | ) |
| *Plaintiff Intervenors,* | ) |
| | ) |
| vs. | ) |
| | ) |
| ANA P. HALL CONSTRUCTION, L.L.C., | ) |
| an unregistered foreign limited | ) |
| liability corporation; | ) |
| | ) |
| ANA PAULA OLINQUEVICZ | ) |
| HALL, an Individual; | ) |
| | ) |
| ALFONSO SANTOS, an Individual; | ) |
| | ) |
| SOUTHERN HOLDINGS, II, L.L.C., | ) |
| a registered foreign limited | ) |
| liability company; | ) |
| | ) |
| JOHN R. HURST, an Individual; | ) |
| | ) |
| BARBARA PROVITT, an Individual; | ) |
| | ) |
| JESSICA BROWN, an Individual; | ) |

There may be other persons/entities whose true names and identities are unknown to the plaintiffs at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiffs when their names and identities are accurately ascertained by further discovery.  Until that time, the plaintiffs will designate these parties in accordance with ARCP 9(h).  The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations.  The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of

the symbol applies to more than one entity.  In the present action, the party defendants which the plaintiffs must include by descriptive characterization are as follows:

FICTITIOUS DEFENDANT A, the owner(s), manager(s), supervisor(s) of the Cambridge Park Apartments  on the occasions described herein;

FICTITIOUS DEFENDANT B, the entities, affiliated entities or agents/principals thereof of those named in the Warranty Deed dated December 22, 2014, recorded at Real Property Book 04647, Page 047-048, in Montgomery County, Alabama and any successors in interest;

FICTITIOUS DEFENDANT C, the entities, affiliated entities or agents/principals thereof of those named in the Warranty Deed dated April 27, 2007, recorded at Real Property Book 03545, Page 0438-0440, in Montgomery County, Alabama and any successors in interest whose true and correct name is otherwise unknown at this time, but will be supplied by amendment when ascertained.

FICTITIOUS DEFENDANT D, the entities and/or individuals responsible for inspecting and approving or disapproving units at the Cambridge Park Apartments for participation in the housing choice voucher program or any other housing assistance programs promulgated by the U.S. Department of Housing and Urban Development and/or administered by the local public housing agency;

FICTITIOUS DEFENDANT E, the entities who provided property management or other like services concerning the Cambridge Park Apartments at the time of the events described herein;

FICTITIOUS DEFENDANT F, the person or entities who provided capital and/or made mortgage loans to any named defendant or fictitious defendants A-F concerning the Cambridge Park Apartments;

FICTITIOUS DEFENDANT G, the person or entities legally responsible for the injuries and damages to the plaintiffs.

all of whose true and correct names are otherwise unknown at this time, but will be supplied by amendment when ascertained,

                                                 )

        *Defendants.*                 )

---

# COMPLAINT IN INTERVENTION

---

## PARTIES AND JURISDICTION

### (Plaintiffs)

1.      Allen Colvin, Sr. is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

2.      A. C., Jr., a minor, by and through his father and next friend, Allen Colvin, Sr., individually, were residents of Cambridge Park Apartments at all times material hereto.

3.      Tomica Jernigan is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

4.      Elnora Jernigan is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

5.      Jackie Johnson is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

6.      D. J., a minor, L. J., a minor, M. W., a minor, Q. J., a minor, S. J., a minor, R. J., a minor, by and through their mother and next friend, Jackie Johnson, were residents of Cambridge Park Apartments at all times material hereto.

7.      Tetrina Johnson is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

8.      G. J., a minor, K. J., a minor, K. J., a minor, K. D., a minor, K. D., a minor, Z. D., a minor, by and through their mother and next friend, Tetrina Johnson, were residents of Cambridge Park Apartments at all times material hereto.

9.     Rickey Oliver is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

10.     T. O., by and through her father and next friend, Rickey Oliver, were residents of Cambridge Park Apartments at all times material hereto.

11.     Tiffany Flynn is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

12.     Cheryl Simmons is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

13.     Arielle Surles is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

14.     S. C., a minor, and A. S., a minor, by and through their mother and next friend, Arielle Surles, were residents of Cambridge Park Apartments at all times material hereto.

15.     Derek Surles is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

16.     Porsha Freeman is an individual over the age of 19 years who was a resident at Cambridge Park Apartments at all times material hereto.

17.     S. M., a minor, T. M., a minor, and A. M., a minor, by and through their mother and next friend, Porsha Freeman, were residents of Cambridge Park Apartments at all times material hereto.

**(Defendants)**

18.     ANA P. HALL CONSTRUCTION, L.L.C. ("Hall Construction") (and/or Fictitious Defendants A-F) is the owner of record of the multi-family apartment complex known as Cambridge Park Apartments on Bonaparte Boulevard in Montgomery, Alabama, which development is situated on a 14.22 acre parcel owned by Hall Construction by virtue of a deed dated December 22, 2014. Prior to the conveyance memorialized in the deed, the apartments were owned by SOUTHERN HOLDINGS II, LLC. Hall Construction, a foreign corporation not qualified to do business in Alabama, is, in fact, engaged in business in Montgomery County as "Cambridge Park Apartments". Hall Construction owned, co-owned, supervised and/or managed Cambridge Park Apartments at all times material hereto.

19.     Defendant ANA PAULA OLINQUEVICZ HALL ("Ana P. Hall") is an individual over the age of 19 years who is the sole managing member of Defendant Hall Construction and, at all times material hereto, acted as an agent, servant and/or employee of Defendant Hall Construction and/or Fictitious Defendants A-E. Ana P. Hall had actual knowledge that the Cambridge Park Apartments were not habitable during tenancy by the plaintiffs and failed or refused to make the Cambridge Park Apartments habitable with knowledge that the units were occupied by tenants such as the plaintiffs, including small children. Ana P. Hall personally oversaw the financial and physical management of the Cambridge Park Apartments in every respect at all times materials hereto.

20.     Defendant ALFONSO SANTOS ("Santos") is an individual over the age of 19 years who at all times material hereto acted as an agent, servant and/or employee of Defendants Hall Construction and/or Fictitious Defendant A-E. Santos had actual knowledge that the Cambridge Park Apartments were not habitable during tenancy by the plaintiffs.  Santos and Defendants Hall Construction and/or Fictitious Defendant A-E failed or refused to make the Cambridge Park Apartments habitable with knowledge  that the units were occupied by tenants such as the plaintiffs, including small children.  Santos personally oversaw the financial and physical management of the Cambridge Park Apartments in every respect at all times materials hereto.

21.     Defendant SOUTHERN HOLDINGS, II, L.L.C. ("Southern Holdings") is a registered foreign limited liability company whose principal address is either 74 Forest Street, Hartford, Connecticut 06105 or 195 Locust Street, Hartford, Connecticut 06114. Southern Holdings owned, co-owned, supervised and/or managed or otherwise exercised control over the ownership and/or management activities at Cambridge Park Apartments at all times material hereto.

22.     Defendant JOHN R. HURST ("Hurst") is an individual over the age of 19 years who is the sole member of Southern Holdings and, at all times material hereto, acted as an agent, servant and/or employee of Southern Holdings, and/or Fictitious Defendants A-E. Hurst had actual knowledge that the Cambridge Park Apartments were not habitable during tenancy by the plaintiffs and failed or refused to make the Cambridge Park Apartments habitable with knowledge  that the units were occupied by tenants such as the

plaintiffs, including small children. Hurst personally oversaw the financial and physical management of the Cambridge Park Apartments in every respect at all times that Southern Holdings owned and managed Cambridge Park Apartments. At all times material hereto, Hurst acted within the line and scope of his duties as an agent, servant, or representative of Southern Holdings and Fictitious Defendants A-G.

23.     BARBARA PROVITT ("Provitt") is an individual resident of Alabama over the age of 19 who, at all times material hereto, was a managerial agent, servant and/or employee of the defendant entities herein and/or fictitious defendants herein that owned, managed and supervised the Cambridge Park Apartments. Provitt had actual knowledge that the Cambridge Park Apartments were not habitable during tenancy by the plaintiffs and failed or refused to make the Cambridge Park Apartments habitable with knowledge that  the units were occupied by tenants such as the plaintiffs, including small children. Provitt personally oversaw the financial and physical management of the Cambridge Park Apartments in every respect at all times materials hereto.

24.     JESSICA BROWN ("Brown") is an individual resident of Alabama over the age of 19 who, at all times material hereto, was a managerial agent, servant and/or employee of the defendant entities herein and/or fictitious defendants herein that owned, managed and supervised the Cambridge Park Apartments. Brown had actual knowledge that the Cambridge Park Apartments were not habitable during tenancy by the plaintiffs and failed or refused to make the Cambridge Park Apartments habitable with knowledge  that  the units were occupied by tenants such as the plaintiffs, including small children.

25.    FICTITIOUS DEFENDANT A is the owner(s), manager(s), supervisor(s) of the Cambridge Park Apartments on the occasions described herein,  whose true and correct name(s) is/are otherwise unknown at this time, but will be supplied by amendment when ascertained.

26.    FICTITIOUS DEFENDANT B, the entities, affiliated entities or agents/principals thereof of those named in the Warranty Deed dated December 22, 2014, recorded at Real Property Book 04647, Page 047-048, in Montgomery County, Alabama and any successors in interest whose true and correct name(s) is otherwise unknown at this time, but will be supplied by amendment when ascertained.

27.    FICTITIOUS DEFENDANT C, the entities, affiliated entities or agents/principals thereof of those named in the Warranty Deed dated April 27, 2007, recorded at Real Property Book 03545, Page 0438-0440, in Montgomery County, Alabama and any successors in interest whose true and correct name is otherwise unknown at this time, but will be supplied by amendment when ascertained.

28.    FICTITIOUS DEFENDANT D, the entities and/or individuals responsible for inspecting and approving or disapproving units at the Cambridge Park Apartments for participation in the housing choice voucher program ("Section 8") or any other housing assistance programs promulgated by the U.S. Department of Housing and Urban Development and/or administered by the local public housing agency;

29.     FICTITIOUS DEFENDANT E, the entities who provided property management or other like services concerning the Cambridge Park Apartments at the time of the events described herein;

30.     FICTITIOUS DEFENDANT F, the person or entities who provided capital and/or made mortgage loans to any named defendant or fictitious defendants A-F concerning the Cambridge Park Apartments;

31.     FICTITIOUS DEFENDANT G, the person or entities legally responsible for the injuries and damages to the plaintiffs.

## FACTS PERTINENT TO PLAINTIFFS' CLAIMS

32.     Cambridge Park Apartments is a multi-family apartment complex on Bonaparte Boulevard, just off of the Southern Bypass in Montgomery, Alabama, which development is situated on 14.22 acres.  The complex was constructed in 1972 but few capital expenditures concerning maintenance have been made since that time. All of the apartment units on the complex, as well as the common areas and parking lots, are in a state of disrepair, dilapidated and do not meet minimum housing standards.

33.     The plaintiffs are or were tenants at the Cambridge Park Apartments at relevant times after July of 2009 (and up to the present day), who sustained personal injury, bodily injury, mental anguish and/or emotional distress due to the wrongful acts of the defendants.

34.     As property owners and/or lessors of Cambridge Park Apartments, Corporate Defendants Hall Construction, Southern Holdings and Fictitious Defendants A-F are liable to the plaintiffs for their own corporate failure to discharge legal duties to the plaintiffs including the non-delegable duty to provide a habitable apartment. The individual defendants are liable to the plaintiffs for their negligent or wanton failure to perform their duties in accord with the applicable standard of care and for failing to hire/train/supervise the proper personnel to meet that standard of care.

35.     The Corporate Defendants are vicariously liable for the wrongful acts of the individual defendants. Further, the corporate defendants undertook to provide habitable housing to the plaintiffs then failed to do so by want of care; or the corporate defendants acquiesced in the wrongful acts of the individual defendants and others and thereafter ratified the wrongful acts complained of.  The defendants profited from their collective wrongdoings.

36.     The corporate defendants, as well as each individual defendant, negligently or wantonly failed to make the Cambridge Park Apartments habitable.  As a proximate result, tenants, including small children, were subjected to uninhabitable conditions.

## JURISDICTION AND VENUE

37.     This Court has jurisdiction of this matter inasmuch as the events and circumstances giving rise to the Complaint occurred in Montgomery County, Alabama and Cambridge Park Apartments are located in Montgomery County, Alabama.  Furthermore,

*Arrington, et. al. v. Ana P. Hall Construction, L.L.C., et al.*
Complaint in Intervention                    -11-

plaintiffs are residents of Montgomery County and the defendants were doing business

personally or by agent in Montgomery County.

## COUNT I
### (BREACH OF CONTRACT)
### (BREACH OF IMPLIED WARRANTY OF HABITABILITY)
### (NEGLIGENCE/WANTONNESS)
### (PREMISES LIABILITY)

38.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 37

as though fully set out herein in letters and numbers.

39.    Pursuant to Alabama law, the defendants were charged with the

responsibility to:

- ensure that the leased premises complied with requirements of applicable building and housing codes materially affecting health and safety;

- make all repairs and do whatever is or was  necessary to put and keep the premises in a habitable condition;

- maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances; and

- to supply running water and reasonable amounts of hot water at all times and reasonable heat.

40.    As property owners and/or managers, these defendants and Fictitious

Defendants A-F, who were charged with a non-delegable duty to provide housing fit for

habitability by the plaintiffs, and/or these defendants voluntarily assumed the non-

delegable duty to provide safe habitable housing and thereafter, due to negligence or inadvertence, failed to act with due care.

41.     The defendants also had a non-delegable duty to warn of defects in the premises of which they were aware and to warn of those defects which could have been discovered through reasonable inspection and/or these defendants assumed the non-delegable duty to reasonably inspect and warn of such defects.

42.     The defendants, separately and severally, either negligently or wantonly, failed to fulfill these non-delegable duties resulting in harm to the plaintiffs. The defendants, separately and severally, failed to discharge these duties by negligently failing to maintain the fresh water supply to the complex, resulting in frequent interruption of water service (often for days at a time), refusing to repair plumbing leaks, facilitating the growth of mold, failure to repair leaks from upstairs units into lower floor units, and/or from adjacent units into next door units, failing to maintain plumbing fixtures in working order, failing to provide heat, running water, hot water,  or to maintain or repair sewer lines or provide adequate pest control. The defendants also negligently failed to inspect, repair or otherwise maintain in a safe condition the electrical wiring of the units rented to plaintiffs resulting in sparking and/or smoking of the electrical receptacles in the units, as well as electrical fires.

43.     The corporate defendants, by and through their agents, servants, and/or employees, Santos, Ana P. Hall, Hurst, Provitt, Brown and/or Fictitious Defendants A-G, were negligent concerning leasing, management, supervision, maintenance and repair of

the Cambridge Park Apartments and mishandling of tenants' accounts and/or funds by a series of unlawful acts including negligently failing to make repairs necessary for the units to become habitable; negligently renting units to tenants that were not habitable; negligently removing tenants' personal property;  negligently failing to provide pest control services to keep the premises reasonably free of rats, mice, roaches, bed bugs, termites, ants, other stinging insects and animals, including coyotes, racoons, possums and stray cats.

44.     Corporate Defendants Hall Construction, Southern Holdings and/or Fictitious Defendants A-G ratified the negligent acts of the individual defendants.

45.     As a proximate result of the defendants' negligence, breach of the warranty of habitability, breach of the lease agreement, and/or wantonness, the plaintiffs were exposed to unsafe, unsanitary, and uninhabitable conditions at Cambridge Park Apartments, which caused them to become physically sick, to sustain personal injury, bodily injury, mental anguish, and/or emotional distress.

## COUNT II
### (NEGLIGENT OR WANTON HIRING/TRAINING/SUPERVISION)

46.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 45 as though fully set out herein in letters and numbers.

47.     Defendants Hall Construction and Southern Holdings negligently or wantonly failed to hire, train, retain, and/or supervise Ana P. Hall, Santos, Hurst, Provitt, Brown and/or Fictitious Defendants A-G.

48.     As a proximate result of the negligence or wantonness of Hall Construction, Southern Holdings and Fictitious Defendants A-G:

(a)     Negligently or wantonly failed to repair and maintain the plaintiffs' apartments;

(b)     Negligently or wantonly interfered with the plaintiffs' rights to exclusive possession and quiet enjoyment of the leasehold premises;

(c)     Voluntarily undertook the repair, maintenance, and/or management of the plaintiffs' apartments and thereafter failed to act with due care;

(d)     Negligently caused or allowed invasory trespass upon the plaintiffs' leasehold estate by conducting leasing activities in such a manner that mold and other toxic or noxious substances intruded into or upon the leasehold premises of the plaintiffs; and

(e)     Defendants Ana P. Hall, De Santos and Hurst, as agents, servants, and/or employees of the Corporate Defendants, negligently undertook to offer counsel and advice on Cambridge Park Apartments and/or negligently failed to properly   assess, evaluate, supervise and/or manage remediation and/or make-ready the plaintiffs' apartments at Cambridge Park.

49.     The Corporate Defendants negligently or wantonly failed to supervise, train, and monitor employees and agents at Cambridge Park Apartments to insure that habitable and safe housing was provided to the plaintiffs.  As a proximate result of the defendants' negligence or wantonness, the plaintiffs were injured and harmed.

<u>COUNT III</u>
(INVASORY TRESPASS/WANTON TRESPASS/NUISANCE)

50.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 49 as though fully set out herein in letters and numbers.

51.    By virtue of  lease agreements between the plaintiffs and the Corporate Defendants and/or between the plaintiffs and the owners, but either of which the defendants were fully aware, the plaintiffs had a right to exclusive use and enjoyment of the apartment unit constituting the leasehold estate.  The defendants negligently breached the covenant of quiet enjoyment, substantially interfering with the tenant's beneficial use or enjoyment of the leasehold premises by negligently  failing or refusing to maintain, repair, and make habitable, the premises which breach resulted in the invasion of water, mold and other toxic and noxious substances into the premises leased by the plaintiffs.

52.    Defendants negligently committed the acts which resulted in an invasion affecting the plaintiffs' interest in the exclusive use of the leased premises. It was reasonably foreseeable that negligent breach of duty by the defendants would result in an invasion of the plaintiffs' possessory interests, and that substantial damages would and did result to the *res,* as well as personal injury and damages to the individual plaintiffs.

53.    The defendants negligently conducted leasing operations above, adjacent to or coterminous with the unit leased by the individual plaintiffs in such a manner as to make the plaintiffs' apartment uninhabitable. The defendants' activities in negligently causing or allowing the invasion of water, mold, and other noxious substances to intrude

into or upon the plaintiffs' unit was an activity which would hurt, harm, or inconvenience a person of ordinary sensibilities such as the individual plaintiffs.

54.     Defendants' conduct was committed under circumstances which justify the imposition of exemplary damages against the defendants.

## COUNT IV
## (CONVERSION)
### *(trespass de bonis asportatis)*

55.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 54 as though fully set out herein in letters and numbers.

56.     At various times, the Corporate Defendants, by and through their agents, servants, and/or employees,  removed from the leased premises  certain chattels over which the plaintiffs had a right of exclusive and immediate possession.

57.     Such actions by the Corporate Defendants and their agents and employees, were committed in defiance of the plaintiffs' property rights.

## COUNT V
## (NEGLIGENCE)

58.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 57 as though fully set out herein in letters and numbers.

59.     Defendants Ana P. Hall, Santos, Hurst, Provitt and Brown, acting within the line and scope of their duties as employees, agents, or servants of the Corporate Defendants, personally observed on a regular basis the conditions at the Cambridge Park Apartments. These individual defendants regularly came to the property in order to assess

its revenue generating potential and/or shortfalls and to observe, inspect, assess, and evaluate the condition of the apartment complex, including all apartment units, and to offer supervision and management services concerning Cambridge Park Apartments.

60.     Defendants Ana P. Hall, Santos, Hurst, Provitt and Brown acting within the line and scope of their duties as employees, agents, or servants of the Corporate Defendants, conducted these activities at Cambridge Park in the discharge of their duties for their respective principals (the Corporate Defendants) or, alternatively, volunteered to undertake to inspect, evaluate, assess, supervise, and manage the Cambridge Park complex and thereafter acted in a negligent manner.

61.     Although Defendants Ana P. Hall, Santos, Hurst, Provitt and Brown, acting within the line and scope of their duties as employees, agents, or servants of the Corporate Defendants, observed conditions in the Plaintiffs' apartments which conditions as a professional property owner or manager, the individual defendants were aware rendered the apartments uninhabitable due to the conditions cited herein, the individual and corporate defendants nonetheless negligently failed to remedy the non-conforming and uninhabitable conditions and continued to lease uninhabitable units.

62.     As a proximate result of the negligence of the individual and corporate defendants, these plaintiffs were subjected to the conditions at the Cambridge Park Apartments described above were injured and damaged as described herein.

## COUNT VI
### (*RESPONDEAT SUPERIOR*/*VICARIOUS LIABILITY*)

63.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 62 as though fully set out herein in letters and numbers.

64.     The acts of the individual defendants were committed within the line and scope of their duties as agents, servants, or employees (or for the benefit of) the Corporate Defendants named herein, and Fictitious Defendants A-G such that the defendants are vicariously liable.

## RELIEF SOUGHT

WHEREFORE, THE PREMISES CONSIDERED, the plaintiffs, separately and severally, demand judgment against the defendants, separately and severally, for all compensatory and exemplary damages recoverable under Alabama law, plus the costs of this action and attorney fees.

*Attorneys for Plaintiffs*


/s/ David E. Allred
DAVID E. ALLRED (ASB-3233-A40D)
D. CRAIG ALLRED (ASB-5118-D60A)

OF COUNSEL:

ALLRED & ALLRED, P.C.
7030 Fain Park Drive, Suite 9
Montgomery, AL 36117
Telephone:     (334) 396-9200
Facsimile:      (334) 396-9977
E-Mail:          dallred@allredpclaw.com
                     callred@allredpclaw.com

*Arrington, et. al. v. Ana P. Hall Construction, L.L.C., et al.*
Complaint in Intervention                                      -19-

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of June, 2016, electronically filed a copy of the foregoing *Complaint in Intervention* using the CM/ECF system who will send notification of such filing to the following parties:

*Counsel for Defendant Southern Holdings II, LLC, John Hurst & Jessica Brown*
Michael R. Lunsford, Esq.
Larry W. Harper, Esq.
PORTERFIELD, HARPER, MILLS, MOTLOW
   & IRELAND, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
lwh@phm-law.com
mrl@phm-law.com

*Additional Counsel for Defendant Southern Holdings, II, LLC; and John Hurst*
John E. Goodman, Esq.
BRADLEY, ARANT, BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
jgoodman@babc.com

*Additional Counsel for Plaintiffs*
N. Osaygefo Grubbs, Esq.
THE GRUBBS LAW FIRM, L.L.C.
8416 Crossland Loop
Montgomery, AL 36117
ogrubbs@sagelegacy.com

*Counsel for Defendants Ana P. Hall Construction, LLC; Ana P. Hall, individually; Alfonso Santos; and Barbara Provitt*
Caroline T. Pryor, Esq.
Jonathan R. Maples, Esq.
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
cpryor@carrallison.com
jmaples@carrallison.com

*Additional Counsel for Defendants Ana P. Hall Construction, LLC; Ana P. Hall, individually; Alfonso Santos; and Barbara Provitt*
Bradford J. Griffin, Esq.
Lindsay C. Ronilo, Esq.
LAW OFFICES OF VICKERS & WHITE, PLLC
428 S. Lawrence Street
Montgomery, AL 36104
bgriffin@vickersandwhitelaw.com
lronilo@vickersandwhitelaw.com

 /s/ D. Craig Allred
D. CRAIG ALLRED (ASB-5118-D60A)