IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WALTER ARRINGTON, III,          )
An Individual, et al.,          )
                                )
     Plaintiffs,                )
                                )     CIVIL ACTION NO.
     v.                         )        2:15cv711-PCH
                                )
ANA P. HALL CONSTRUCTION,       )
L.L.C., an unregistered         )
foreign limited liability       )
corporation; et al.,            )
                                )
     Defendants.                )
```

OPINION

The approximately 200 plaintiffs in this case brought a number of contract and tort claims against the corporate and individual defendants in state court. The plaintiffs alleged that they all lived in an apartment complex owned, operated, or managed by the defendants, and suffered various harms as a result of the defendants' failure to maintain the premises; according to the complaint, the complex was dilapidated

and infested, and suffered from frequent interruptions in utility services.

The defendants removed this case to federal court on the basis of the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), which creates an exception to the ordinary requirement of complete diversity for certain large class and mass actions. The case is now before the court on the plaintiffs' motion to remand.

CAFA gives federal district courts original jurisdiction over a case which is (1) either a class action or a mass action, (2) in which the amount in controversy exceeds $ 5 million, and (3) in which a minimal diversity requirement--as pertinent here, that any plaintiff is a citizen of a State different from any defendant--is met. 28 U.S.C. §§ 1332(d)(2), 1332(d)(11). Additionally, CAFA includes exceptions that require courts to decline to exercise jurisdiction over two categories of cases that otherwise meet these three requirements. 28 U.S.C. § 1332(d)(4).

In the plaintiffs' motion to remand, they admit that the minimal diversity requirement is met, but they argue that this case is not a "mass action" within the meaning of the statute, that the amount-in-controversy requirement is not satisfied, and that the two exceptions to CAFA jurisdiction apply. The court has previously ordered the parties to conduct limited discovery, and submit supplemental briefs, on the amount-in-controversy question. That discovery is on-going. This opinion resolves the remainder of the plaintiffs' arguments for remand, on the basis of representations made during a telephone conference held on the record on June 17, 2016.

First, plaintiffs' counsel conceded during that conference that the two exceptions set forth in 28 U.S.C. § 1332(d)(4)--known as the "local controversy" and "home state" exceptions--were not "one[s] that we would be entitled to." Tr. (doc. no. 52) at 21. The court therefore deems the plaintiffs' arguments

regarding the applicability of those exceptions abandoned, and will not address them further.

The plaintiffs' argument that this case does not qualify as a mass action warrants closer consideration. CAFA applies both to class actions and to mass actions, which are defined generally as "civil action[s] .... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 18 U.S.C. § 1332(d)(11)(B)(i). However, cases in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly results in injuries in that State or in States contiguous to that State," are excluded from the definition of mass action by 18 U.S.C. § 1332(d)(11)(B)(ii)(I). (This is known as the "local occurrence" exclusion.)

The plaintiffs number more than 100, and their claims clearly raise common questions of law and fact, but they argue that the local occurrence exclusion

4

applies. The rub is this: plaintiffs acknowledged during the June 17 conference that their case involves not a single injury-causing event or occurrence, but rather "a series of events and occurrences"--"numerous" "failure[s] to maintain," "over several years," each of which caused harm to the plaintiffs. Tr. (doc. no. 52) at 21-25.

Although there is no Eleventh Circuit case law squarely addressing whether the local occurrence exclusion applies to a series of discrete events over a period of time, there are recent Middle District of Alabama and Fifth Circuit decisions holding that it does not. Indeed, the plaintiffs have been unable to identify--and the court has not found--any case applying the exclusion to a similar set of claims.

In _Adams v. Macon County Greyhound Park, Inc._, 829 F. Supp. 2d 1127 (M.D. Ala. 2011), Chief Judge Watkins concluded, in light of and in line with the exclusion provision's legislative history, that an "event or occurrence" must be a single, discrete incident, and

5

not merely similar instances taking place at the same location for which the same defendants are responsible. Id. at 1134-37. In this case, as in Adams (which involved claims by hundreds of people who had gambled at the same casino), "each of the [] Plaintiffs brings claims based on individual [] contracts he or she entered into with one or more of the Defendants." Id. at 1137; see also id. at 1135-36 (discussing Galstadi v. Sunvest Communities USA, LLC, 256 F.R.D. 673 (S.D. Fla. 2009) (Altonaga, J.), in which the court concluded that claims by approximately 180 plaintiffs that they had been duped into paying for units in a pre-conversion luxury condominium development--and were left with worthless, dilapidated, infested apartments-- did not fall under the local occurrence exclusion, because these claims were based upon hundreds of sales over a period of more than a year).

In Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C., 760 F.3d 405 (5th Cir. 2014), the Fifth Circuit adopted a slightly broader understanding of "event or

occurrence," but one that nonetheless does not help plaintiffs in this case. Rainbow Gun Club held that "the single event or occurrence may also be constituted by a pattern of conduct in which the pattern is consistent in leading to a single focused event that culminates in the basis of the asserted liability." Id. at 412. In that case, all of the plaintiffs were allegedly harmed when the defendant, a driller, "allow[ed] extraneous water to enter [a single] gas reservoir, greatly reducing the productivity of the Well." Id. at 407. The court recognized this as an event or occurrence despite the allegation that a number of different acts had caused the flooding, explaining that the plaintiffs' claims arose from the eventual flooding, a singular event, rather than from the multiple underlying acts leading to it. In the present case, by contrast, the defendants' alleged malfeasance did not culminate in a single focused event, such as the collapse of the apartment building or a fire or the like. Instead, their claims arise

7

directly from failures by the defendants to provide a wide array of maintenance services to plaintiffs in numerous different units.

Finally, the court recognizes that one court of appeals has concluded that "an event or occurrence" can be "a continuing set of circumstances" that "persist[s] over a [lengthy] period of time." Abraham v. St. Croix Renaissance Grp., L.L.L.P., 719 F.3d 270, 277 (3d Cir. 2013). But even if the Third Circuit's reasoning in that case is correct, it does not support the application of the exclusion in this case. The plaintiffs in Abraham alleged that they had been injured by what the court "characterized as the 'continuous release of toxic substances'" from red mud at a former refinery site, where the defendant-owner had failed to undertake appropriate abatement measures. Id. at 279. The court "reject[ed] [defendant's] argument that the plaintiffs' claims arose from multiple events or occurrences," because, it explained, "we cannot identify separate and discrete incidents

8

causing the emission of the various substances at any precise point in time." Id. at 280. Here, by contrast, the plaintiffs' complaint alleges numerous separate acts and omissions by the defendants that allegedly injured the various plaintiffs in different ways at different points in time. See, e.g., Compl. (doc. no. 1-3) at 26 ("The corporate defendants, by and through their agents, servants, and/or employees, ... were negligent concerning leasing, management, supervision, maintenance and repair of the Cambridge Park Apartments ... by a series of unlawful acts including negligently failing to make repairs necessary for the units to become habitable; negligently renting units to tenants that were not habitable; negligently removing tenants' personal property; [and] negligently failing to provide pest control services ....").

The court therefore concludes that the local controversy exclusion does not apply, and that this case constitutes a mass action for purposes of 18

U.S.C. § 1332(d)(11) if the Plaintiffs also meet the amount-in-controversy requirements.

DONE, this the 12th day of August, 2016.

_____
Paul C. Huck
UNITED STATES DISTRICT JUDGE

10